IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NDIDI OKWALE,<br><br>Plaintiff,<br><br>v.<br><br>CORINTHIAN COLLEGES, and EVEREST COLLEGE,<br><br>Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 1:14-cv-00135<br><br>United States District Court Judge Robert Shelby<br><br>Magistrate Judge Dustin Pead |

This matter is before the court pursuant to a 28 U.S. C. § 636(b)(1)(B) referral from District Court Judge Robert Shelby (doc. 7). Currently pending is Defendant Corinthian College and Everest College (collectively "Defendants") "Motion To Compel Individual Arbitration And Stay Proceedings Pending Arbitration" (doc. 4). Plaintiff has not filed an opposition to Defendants' motion, and the time within which to do so has expired. *See* DUCivR 7-1(b)(3)(B) ("A memorandum opposing any motion that is not a motion filed pursuant to Fed. R. Civ. P. 12(b), 12(c), and 56 must be filed within fourteen (14) days after service of the motion or within such time as allowed by the court.")).

BACKGROUND

On August 25, 2011, in conjunction with her enrollment in Defendants' nursing school, Plaintiff Ndidi Okwale ("Plaintiff") executed an Enrollment Agreement ("Agreement") acknowledging that she was "irrevocably waiving her rights to a trial by jury" and agreeing "to submit any and all claims to the decision of an arbitrator instead of a court." (doc. 4-1, p. 4). At the same time she executed the Agreement, Plaintiff also signed an "Enrollment Agreement Addendum & Disclosure" ("Disclosure") in which she specifically initialed numerous provisions

including one entitled "Agreement To Binding Arbitration And Waiver Of Jury Trial" and another entitled "Acknowledgment Of Waiver Of Jury Trial And Availability Of AAA Rules". By initialing those provisions, Plaintiff confirmed her understanding that any dispute between herself and Defendants would be "resolved by binding arbitration under the Federal Arbitration Act conducted by the American Arbitration Association under its Consumer Rules." (doc. 4-1, p.13).

Thereafter, on October 27, 2014, Plaintiff filed a complaint against Defendants, in federal district court, alleging that she was fraudulently induced to enroll in Defendants' nursing program based upon misrepresentations regarding Defendants' standing as an accredited institution (doc.1, ¶1). While enrolled, Plaintiff maintains that she was subjected to "systematic and institutional discrimination and retaliatory practices" based upon her race and national origin, and was "summarily dismissed" prior to graduation under the pretext that she was academically unfit (doc. 1, ¶¶ 3, 4). Based upon these allegations, Plaintiff's complaint asserts causes of action for: violation of Title VI of the Civil Rights Act of 1964, retaliation, breach of contract, breach of the implied covenant of good faith and fair dealing, unfair and deceptive business practices, fraud, negligent misrepresentation and intention infliction of emotional distress (doc. 1).

In response, Defendant filed a "Motion To Compel Arbitration" requesting that, based upon Plaintiff's execution of the Agreement and Disclosure, Plaintiff be ordered to submit her claims to arbitration (doc. 4).

## ANALYSIS

In relevant part, the Federal Arbitration Act states:

> [a] written provision in any. . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract. . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Federal Arbitration Act, 9 U.S.C. § 2.  Further, the Tenth Circuit has adopted a presumption in favor of arbitration such that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Sanchez v. Nitro-Lift Technologies, L.L.C.,* 762 F.3d 1139, 1146 (10th Cir. 2014) (*citing Moses H. Cone Mem'l Hosp. V. Mercury Const. Corp.,* 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)).

Here, Plaintiff raises no objection to the validity of the Agreement and provides no grounds to support a revocation.  Moreover, the terms of the Agreement broadly encompass "any dispute arising from [Plaintiff's] enrollment, no matter how described, pleaded or styled. . . ." (doc. 4-1, p. 13).  Because all of Plaintiff's allegations stem from and involve her enrollment at Defendants' nursing school, her claims fall within the scope of the parties' arbitration agreement.

## RECOMMENDATION

Accordingly, for the reasons set forth herein, the Court RECOMMENDS to the District Court that Defendants' Motion To Compel Arbitration And Stay Proceedings Pending Arbitration be GRANTED (doc. 4).  The Court further RECOMMENDS that Plaintiff be compelled to submit her claims in individual arbitration before the American Arbitration Association ("AAA") and that all proceedings be stayed pending such arbitration.

Copies of the foregoing report and recommendation are being mailed to all parties who

are hereby notified of their right to object.  Any objection must be filed within fourteen (14) days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 29th day of January, 2015.

_____
Dustin Pead
U.S. Federal Magistrate Judge